IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BERWIN B. FREEMAN, SR.           )
                                 )
     v.                          )     NO: 3:18-0397
                                 )
CORECIVIC, INC., et al.          )

**TO:   Honorable William L. Campbell, Jr., District Judge**

R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered July 6, 2018 (Docket Entry No. 7), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. The case is currently set for a jury trial on August 13, 2019. *See* Order entered September 12, 2018 (Docket Entry No. 17).

Pending before the Court is Defendants' motion for summary judgment (Docket Entry No. 19), to which Plaintiff has not filed a response. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

I.  BACKGROUND

Berwin B. Freeman, Sr. ("Plaintiff"), filed this *pro se* and *in forma pauperis* lawsuit on April 25, 2018. At the time he filed the lawsuit, he was an inmate in the Metro-Davidson County Detention Facility ("MDCDF") in Nashville, Tennessee, but he has since been released from incarceration. *See* Change of Address Notice (Docket Entry No. 5).

Plaintiff brings a claim under 42 U.S.C. § 1983 based on allegations that he received constitutionally inadequate medical care at the MDCDF. *See* Complaint (Docket Entry No. 1) at 7-8. He also brings a claim of medial malpractice under state law. *Id.* at 8. As relief, he seeks monetary damages of approximately five million dollars. *Id*. at 8 and 10. Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted a colorable claim under 42 U.S.C. § 1983 against two defendants, CoreCivic, Inc. ("CoreCivic"), a private corporation that operates the MDCDF, and Dr. James Bridges ("Bridges") (hereinafter referred to collectively as "Defendants"), based on his allegations that they were involved in denying him adequate medical care for an ankle and foot injury. *See* Docket Entry No. 7 at 4. Plaintiff's medical malpractice claim was also permitted to proceed pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). *Id*. All other claims and defendants were dismissed. *Id*. at 3-4.

Plaintiff alleges that he saw Dr. Bridges in February 2018 for a "swollen and disfigured" area around his right heel. *See* Complaint at 7. He alleges that Dr. Bridges took an x-ray but made a statement that "he was not going to order [an MRI] because his supervisors would not approve it." *Id*. Plaintiff filed an informal request that day for a MRI, but a nurse rejected the request, explaining that "Dr. Bridges says MRI not indicated at this time." *Id*. Plaintiff alleges that he then filed a formal grievance and a grievance appeal, which were rejected by the Health Services Administrator and the MDCDF Warden, respectively, for the reason that Dr. Bridges indicated that there was no reason for an MRI. *Id*. Plaintiff asserts that he has suffered "physical and emotional stress and pain" because of the lack of treatment. *Id*. at 8.

Defendants filed an answer to the complaint, *see* Docket Entry No. 15, and a scheduling order was entered providing for a period of pretrial activity in the action. *See* Docket Entry No. 16.

## II. MOTION FOR SUMMARY JUDGMENT

Defendants seek summary judgment in their favor under Rule 56 of the Federal Rules of Civil Procedure based on several arguments. First, they assert that Plaintiff did not exhaust his available administrative remedies at the MDCDF prior to filing his lawsuit and his claims are, thus, subject to dismissal under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e for failure to exhaust. Second, they argue that there is no evidence showing that Plaintiff was treated with deliberate indifference to his serious medical needs related to his ankle and foot. To the contrary, Defendants assert that Plaintiff was provided with appropriate medical treatment for these needs before he left the facility on May 3, 2018. Defendant CoreCivic also argues that it cannot be held liable under Section 1983 based on a theory of *respondeat superior* and that there is no evidence showing that CoreCivic has an unconstitutional policy or custom of refusing necessary medical care to inmates. Finally, Defendants contend that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claim or, alternatively, should dismiss the claim because Plaintiff has not met the stringent requirements for a medical malpractice claim under Tennessee law. *See* Memorandum in Support of Motion for Summary Judgment (Docket Entry No. 19).

Defendants support their motion with: (1) a statement of undisputed material facts (Docket Entry No. 20); (2) the declaration of Bridges and attachments thereto (Docket Entry No. 21); and (3) the declaration of Bobby Aylward, a CoreCivic employee involved in the grievance process, and attachments thereto (Docket Entry No. 22). Although Plaintiff was notified of the motion, informed of the need to respond, and given a deadline of December 3, 2018, to file a response, *see* Order
3

Case 3:18-cv-00397   Document 24   Filed 12/20/18   Page 3 of 13 PageID #: 289

entered October 25, 2018 (Docket Entry No. 23), he has not filed a response to Defendants' motion for summary judgment.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

## IV.  CONCLUSIONS

A. Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

B.  Eighth Amendment Standards

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Although this standard does not

5

require a showing that the Defendant acted with a purpose or intent to inflict harm, the standard is nonetheless a high standard and is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. Plaintiff must show more than medical malpractice or negligence on the part of Defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. *See Estelle*, 429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

C. Plaintiff's Claims and Summary Judgment

Although the allegations in Plaintiff's complaint were sufficient to permit the case to survive initial frivolity review and to have process issued, Plaintiff has not responded to the arguments for summary judgment made by Defendants in their dispositive motion, has not responded to Defendants' statement of undisputed facts as required by Local Rule 56.01(f),[1] and has not set forth any evidence supporting his claims.

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex*

---

[1] Local Rule 56.01(f) provides that Plaintiff's failure to respond to Defendants' statement of undisputed facts shall deem the asserted facts to be undisputed for the purposes of summary judgment. Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

6

*Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, \*9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

With respect to Defendants' failure to exhaust argument, Defendants have set forth evidence that Policy 14-05 provides for a three step grievance procedure at the MDCDF that allows inmates to file an informal resolution, a formal grievance, and a grievance appeal for issues relating to their conditions of confinement. *See* Declaration of Aylward at ¶ 3. Defendants contend that, although Plaintiff proceeded through the first and second steps of the process by filing an informal resolution and a formal grievance about the lack of an MRI,[2] he failed to avail himself of the third step of the process by pursuing an appeal from the denial of the formal grievance. *Id*. at ¶ 4. Thus, Defendants argue that Plaintiff failed to fully exhaust his available administrative remedies.

---

[2] *See* Docket Entry No. 22-2 at 32-33 and 39-40.

In his complaint, Plaintiff alleges that he appealed the denial of his formal grievance about the lack of an MRI and received an unfavorable response from the Warden on April 4, 2018. *See* Complaint at 7. While this allegation contradicts Defendants' supporting evidence on the issue, in the face of the motion for summary judgment, Plaintiff must rebut Defendants' exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA. *See Napier*, *supra*. Plaintiff has not set forth any evidence supporting his complaint, and he has not met this burden. Indeed, he has not even responded to the motion for summary judgment. Accordingly, Plaintiff's lawsuit should be dismissed because of his failure to comply with the mandatory exhaustion requirement of the PLRA.

The Court also finds that Defendants are entitled to summary judgment on the merits of Plaintiff's claim that he was not provided with constitutionally adequate medical care. Through the declaration of Bridges, Defendants have set forth evidence that Plaintiff was provided with a course of treatment that included several examinations, an x-ray, ice, anti-inflammatory medications, an MRI on April 20, 2018, and a referral to an offsite orthopedic doctor. *See* Declaration of Bridges at ¶¶ 3-7. Although, the MRI ultimately revealed that Plaintiff likely suffered from tendinopathy and a potential partial tear of the Achilles tendon, Defendants' evidence shows that Plaintiff was not ignored with respect to his ankle and foot injury. *Id.*

Plaintiff's claim is essentially based upon his displeasure with the manner or adequacy of the course of treatment he received. He believes that he should have received an MRI more promptly or have been provided with some unspecified types of more effective treatment. However, when a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize

8

Case 3:18-cv-00397   Document 24   Filed 12/20/18   Page 8 of 13 PageID #: 294

claims that sound in state tort law. *Hill v. Jones*, 211 F.3d 1269 (6th Cir. 2000); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). *See also Washington v. Stewart*, 2010 WL 4511015 (M.D. Tenn. Nov. 1, 2010) (Trauger, J.) (inmate who had bullet in his leg from prior incident did not support a constitutional claim based on allegations of inadequate pain medication and the refusal of an x-ray in light of evidence that prison physician gave him Motrin, assigned him to bottom bunk, and provided him with crutches). *Van v. Troutt*, 2010 WL 4007484 (M.D. Tenn. Oct. 12, 2010) (Campbell, J.) (inmate's allegations of inadequate treatment and mis-diagnosis of back injury were insufficient to state constitutional claim in light of medical care that was admittedly provided).

Although the care Plaintiff received at the MDCDF may not have been as prompt, thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Constitution does not guarantee that a prison inmate receive the "optimum or best medical treatment." *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). Further, it is well settled that neither negligence nor medical malpractice will support a constitutional claim. *See Estelle*, 429 U.S. at 106; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985). Defendants' evidence, even when viewed in the light most favorable to Plaintiff, shows that he was not treated with deliberate indifference to his serious medical needs.

Furthermore, Plaintiff is not entitled to a trial on his lack of medical care claim merely on the basis of allegations. *Goins*, *supra.* He must buttress the allegations of his complaint with evidence supporting his claim. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). He has not done so with respect to his claim. Based on the evidence before the Court, no reasonable jury

9

could find that Defendant Bridges acted in a manner that was inconsistent with Plaintiff's Eighth Amendment right to be free from deliberate indifference to his serious medical needs. *Estelle, supra*.

Defendant CoreCivic is also entitled to summary judgment in its favor. Although CoreCivic is subject to being sued under 42 U.S.C. § 1983, *see Thomas v. Coble*, 55 Fed.App'x. 748, 748 (6th Cir. 2003); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996), a claim against CoreCivic can only be based upon facts showing that a policy, custom, or practice of CoreCivic caused a violation of Plaintiff's constitutional rights. *Street*, *supra*. *See also Starcher v. Correctional Med. Sys., Inc.*, 7 Fed.App'x. 459 (6th Cir. March 26, 2001) (applying policy requirement to private medical provider in a prison medical care case). This requires facts showing that the execution of a CoreCivic policy or custom was the "moving force" behind the violation of the constitutional rights at issue. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Maxwell v. Corr. Med. Servs., Inc.*, 538 Fed.App'x 682, 691 (6th Cir. 2013). Thus, even if the Court presumes that evidence exists that creates genuine issues of material fact about whether the conduct of an individual staff member at the MDCDF violated his constitutional rights, this evidence would not be enough for Plaintiff's claim against CoreCivic to move forward past the motion for summary judgment. *See Cash v. Hamilton County Dep't. of Adult Prob.*, 388 F.3d 539, 542 (6th Cir. 2004). At a minimum, Plaintiff must set forth evidence that: (1) identifies a specific policy or custom; (2) connects the policy or custom to CoreCivic; and, (3) shows that his particular injury was caused by the execution of that policy or custom. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

In the instant case, Plaintiff has not presented even a minimal amount of evidence showing that a policy or custom of CoreCivic was the moving force and cause behind the alleged unconstitutional conduct and the injuries he alleges he suffered. In such a situation, CoreCivic is

entitled to summary judgment in its favor. *See Bekier v. Karnes*, 66 F.3d 325, 1995 WL 559358 (6th Cir. 1995) (table decision); *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994); *Rivers v. Karpells*, 2015 WL 1383950 at *2 (M.D. Tenn. Mar. 23, 2015) (Sharp, J.); *McCauley v. Sator*, 2012 WL 2357480 at *9 (M.D. Tenn. June 20, 2012) (Haynes, J.).

C.  State Law Claim Medical Malpractice

Upon the dismissal of Plaintiff's federal claim brought under Section 1983, the Court no longer has original jurisdiction and the provisions of 28 U.S.C. § 1367(c) apply. Section 1367(c)(3) provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if --
>
> . . . .
>
> (3) the district court has dismissed all claims over which it has original jurisdiction,

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal claims is left to the broad discretion of the Court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-52 (1988); *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). There is a "strong presumption" against the exercise of supplemental jurisdiction once all federal claims have been dismissed, *Packard v. Farmers Inc. Co. of Columbus*, 423 Fed.App'x. 580, 584 (6th Cir. 2011), and although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

11

In considering whether to exercise supplemental jurisdiction over state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in *Cohill*, 484 U.S. at 350-51, and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). These factors include judicial economy, convenience, fairness, and comity. *Cohill*, 484 U.S. at 350. In the instant action, the balance of factors weighs in favor of dismissal of Plaintiff's state law claim without prejudice so that such a claim can be pursued in the state courts if Plaintiff so wishes.

## RECOMMENDATION

Based on the forgoing, the undersigned respectfully RECOMMENDS that the motion for summary judgment of Defendants CoreCivic, Inc., and James Bridges (Docket Entry No. 18) be GRANTED and that Plaintiff's claim brought under 42 U.S.C. § 1983 be DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 1367(c), the Court should decline to exercise supplemental jurisdiction over Plaintiff's claim of medical malpractice under Tennessee law. Accordingly, this claim should be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must

be filed within fourteen (14) days after service of objections.  *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge

13

Case 3:18-cv-00397   Document 24   Filed 12/20/18   Page 13 of 13 PageID #: 299